IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

NEAL DONNER on behalf of J.D., J.D. III, and L.D., minor children,
on behalf of James Donner (deceased),

       Plaintiff,                           OPINION AND ORDER

       v.                               12-cv-507-wmc

CAROLYN COLVIN,
Acting Commissioner of Social Security,

       Defendant.
_____

Plaintiff Neal Donner seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her son, James Donner, was not disabled within the meaning of the Social Security Act. Tragically, Donner died just two days after receiving notice that his disability claim had been denied. (AR. 157, 160-63.) Donner's mother continues to seek disability benefits on behalf of his children. The parties are well aware of the underlying facts and the procedural history in this case (dkt. #15 at 1-3; dkt. #25 at 1-3; AR 6-14, 89-93),[1] which need not be repeated in detail to address the issues on appeal: (1) whether the ALJ erred in discounting the opinions of Donner's treating physician; and (2) whether the ALJ properly evaluated the testimony of Donner's mother at the ALJ hearing. While the court will not reverse and order an award benefits for the relevant period, the court's

_____

[1] Record cites are to the administrative record. (Dkt. #11.)

remand for the ALJ's reconsideration of these issues could well lead to this result for the reasons that follow.

## BACKGROUND

James Donner claimed that he was unable to work because of a range of physical and mental impairments.  Following a full hearing, the ALJ found Donner had severe impairments related to his lumbar spine, obesity, depression, anxiety disorder and attention deficit syndrome (ADD).  (AR 6.)  Nevertheless, the ALJ found that Donner retained the residual functional capacity to perform sedentary work as defined in 20 CFR § 416.967(b), with the additional limitations that he be allowed to sit and stand at will provided he was not off task more than 10% of the workday.  (AR 9.)  The ALJ also noted the additional, non-exertional limitations that "work involving no more than simple, routine, repetitive tasks in a work environment free of fast paced production requirements, involving only simple, work related decisions with few if any workplace changes; and with only occasional interaction with the public, co-workers or supervisors." (*Id*.)

The vocational expert testified that Donner's past relevant work included a bench carpenter, garbage collector/driver, landscape laborer, warehouse supervisor, food deliverer, cook's helper and auto mechanic.  Based on Donner's limitations, he concluded that the requirements of that work exceeded his residual functional capacity.  However, the vocational expert also testified that several jobs existed in the national economy that an individual with Donner's age, education, work experience and residual functional capacity could perform.  (AR 13-14.)    Ultimately, the ALJ credited these opinions and

found Donner not disabled, which was eventually adopted as the Commissioner's final decision.

OPINION

**A.  Treating Physician**

An ALJ must provide a "sound reason" for discounting a treating source opinion as controlling. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). If a controlling opinion is discounted, a court must then consider whether the ALJ properly addressed the factors laid out in 20 C.F.R. § 404.1527(c)(2) in weighing the treating physician's credibility. Even if an ALJ discredits treating source opinions as controlling, SSR 96-2p states that "[t]reating source medical opinions are still entitled to deference and must be weighed using *all* of the factors provided in 20 CFR 404.1527" (emphasis added).

To summarize, the factors in 20 C.F.R. § 404.1527(c) include:

(a) whether the doctor has an examining relationship with the plaintiff;

(b) whether the doctor has a treating relationship with the plaintiff, which also incorporates the length, nature, and extent of the relationship;

(c) how well supported the doctor's opinion is by relevant evidence;

(d) how consistent the doctor's opinion is with the record as a whole;

(e) whether the doctor has a relevant specialization; and

(f) any other factors that tend to support or contradict the opinion.

Merely mentioning a factor is not enough; the ALJ must *explain how* that factor weighs *for or against* crediting the opinion.  Otherwise, the requirement of the Social Security Administration in SSR 96-2p for deference to and a full weighing of the treating

3

physician's opinion would be a dead letter.  *Evans v. Colvin,* No. 12-cv-888, 2014 WL 2615413, at *5 (W.D. Wis. June 12, 2014) ("failure to explicitly discuss the § 1527(c) factors is itself a deficiency that warrants remand").

Here, the ALJ simply failed to provide a sound basis for discounting the opinions of Donner's treating physician, Dr. Carter Aune.   On the contrary, ALJ Ritter affirmatively misstated the course of treatment and care provided by Dr. Aune.   For example, stating that Dr. Aune's treatment was narrowly tailored to narcotic prescription simply doesn't square with the record.  (AR 12.)  While Dr. Aune prescribed Celexa -- a non-narcotic medication -- four times a day for anxiety (AR. 431), she was plainly treating *both* physical impairments related to James's lumbar pain *and* mental impairments related to anxiety and depression.   (AR 428-430, 514-520, 717-720.) Given the inconsistencies between what the ALJ's reasoning and what is stated in the record, the bases for discounting Dr. Aune's opinion are far from sound and will require review on demand.

Still, ignoring the ALJ's own finding of severe depression and anxiety disorder, the Commissioner now contends that Dr.' Aune's treatment records revealed little in the way of severe mental symptoms.  Given these limited records, the Commissioner argues that the ALJ was justified in discounting Dr. Aune's opinion.  This, too, is wrong both legally and factually under Seventh Circuit law.  Although the decision was issued after the close of briefing on this case, the Seventh Circuit explained that a treating physician's opinion need not be "corroborated" by "treatment notes" or "backed" up by other non-treating physicians' opinion in order to be subject to deference.  *Herrmann v. Colvin*, 772 F.3d

1110, 1111 (7th Cir. 2014). In any event, there is more than enough in the way of treatment notes to corroborate Dr. Aune's medical opinions, including a mental RFC questionnaire. (AR 428-430, 514-520, 717-720.) Although Dr. Aune's records may not rise to a level meeting one of the listings at step 3 of the evaluation process, the evidence may be enough to support modification of the RFC determination.[2] Modification of the RFC alone may well lead to an award of benefits, however, that will be for the ALJ to determine on remand.

While these errors are enough to warrant remand, the court finds the ALJ's opinion contains a more fundamental error in rejecting Dr. Aune's opinion without explaining what weight the opinion deserved under the factors laid out in 20 C.F.R. § 404.1527(c), including, among others, the length, nature, and extent of the treating relationship. For example, despite having a treating relationship with Donner for two years, from December 2007 through to January 2010, the ALJ does not address the frequency of the visits (seeing James on *33* occasions). (AR 425-46, 512-519, 715-721.) Certainly, this is evidence that would weigh in favor of crediting Dr. Aune's opinions, and the ALJ's failure to even address it requires remand. *See Matton v. Colvin*, No. 12-cv-406, 2014 WL 1794573, at *5 (W.D. Wis. May 5, 2014) ("[T]he ALJ fails to discuss the § 1527(c) factors and ignores relevant evidence that might weigh in [the claimant's] favor. Standing alone, this deficiency warrants remand.").

---

[2] On remand, the ALJ would be well served to review two related decisions by the Seventh Circuit with respect to concentration, persistence and pace (CPP), particularly given that the ALJ already found moderate limitations in CPP. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) (ALJ must orient a vocational expert to "all of the claimant's limitations," including those involving "concentration, persistence and pace"); *O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) (same).

Importantly, these errors, even cumulatively, do not mandate that any medical opinion be given a particular weight, nor mandate a finding of disability.  On remand, the ALJ must reevaluate Dr. Aune's opinion in light of a more accurate and careful assessment of the record as a whole and, if still applicable, articulate valid reasons for denying her opinions controlling weight.  And even if sound reasons are articulated, the ALJ must still identify and apply the pertinent regulatory factors set forth in 20 C.F.R. § 404.1527(c).  Merely mentioning that Dr. Aune is a treating physician is not enough; the ALJ must explain how that factor weighs for or against crediting the opinion.

### B.  Mother's Testimony

The second issue relates to the ALJ's claimed failure to weigh Mrs. Donner's testimony properly.  The Social Security Administration has established a regulatory framework that explains how an ALJ must evaluate opinion evidence from non-medical sources -- a category that includes the claimant's parents and friends.  20 C.F.R. §§ 404.1513(c), 416.927(c).  While non-medical opinions cannot be used to establish an impairment *per se*, they are still important in providing factual context.

This is particularly important in determining the severity of an impairment.  For example, SSR 06-03p explains that "[o]ften, these [friends and family] have close contact with the individuals and have personal knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time."  SSR 06-03p further states that in considering such evidence, it is "appropriate to consider such factors as the nature and extent of the relationship between the source and

the individual, . . . whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the evidence." *Id.*

Here, the ALJ engaged in no meaningful analysis of Mrs. Donner's testimony.  All that is provided is a single line: "It appears from the medical record and the testimony of the claimant's mother at the hearing, that the claimant's primary complaint was chronic back pain that prevented him from doing any kind of work." (AR 10.) Not only is this analysis perfunctory, it is inconsistent with what is required under SSR 06-03p.

Additionally, the lack of analysis of Mrs. Donner's testimony runs counter to Social Security Rulings that "credibility findings must be grounded in the evidence."[3] SSR 96-7p.  By failing to discuss or analyze the content of Mrs. Donner's testimony before discounting its relevance as to her son's limitations on credibility grounds (AR 158-162), the ALJ failed to comply with SSR 96-7p.  Since her testimony would serve to corroborate other evidence of Donner's physical and mental impairments, this is further reason to remand.

ORDER

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability

---

[3] SSR 96–7p requires ALJs to articulate the reasons behind credibility evaluations:

> The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." ... The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

7

benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further  proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 25th day of February, 2016.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
0District Judge